————o————

No. 5848.

# WORLD'S PANAMA EXPOSITION COMPANY vs. THOMAS SWEENY.

## Syllabus.

1. Certificates of stock are mere evidences of shareholding; but the shares themselves in a nascent corporation are acquired by the fact of subscription and its acceptance.

2. Pure questions of law touching the merits of the case are put at issue *as a matter of course* by an answer to the merits.

3. Where a shareholder in a corporation is aware that the corporation, with the approval of its other shareholders, is expending large sums in furtherance of the corporate purpose, but for reasons satisfactory to himself has refrained from complaining of such expenditures at the time, he will be taken to have yielded his consent thereto; and he cannot thereafter set up want of authority in the corporation to make such expenditures, especially where it is a question of paying the debts so contracted and equalizing matters between himself and other shareholders similarly situated.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 96,486. Hon. G. H. Theard, Judge.

— 3 —

McCloskey & Benedict, J. J. McCloskey, for plaintiff and appellant.

B. R. Forman, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff, a corporation in liquidation, sues defendant, a subscriber to its capital stock, for certain past due and unpaid instalments of his subscription.

The defendant sets up the general issue, and further alleges that his subscription was obtained by false representations and that he has received no consideration therefor.

His claim that false representations were made to him is not borne out, but rebutted, by the evidence.

His plea of want of consideration is based on the fact that he was not given or tendered **certificates of stock** in the corporation, and is without merit. Certificates of stock are mere **evidences** of shareholding; but the shares themselves in a nascent corporation are acquired by the fact of subscription and its acceptance.

The evidence herein does not show, however, that the installments sued for are needed to pay debts or equalize matters between shareholders, and unless this be shown plaintiff cannot recover.

**Jackson F. & M. Ins. Co. vs. Walle, 52 An., p. ..**

It is suggested that because defendant has not set this up by special plea, he should not now be permitted to urge it as a defense hereto. But as the question is purely one of law touching the merits of the case, it is put at issue as a **matter of course** by an answer to the merits.

**Bennet vs. New Orleans, 14 An., 120; Police Jury vs. Mayer, 38 An., 631; Werges vs. R. R. Co., 35 An., 641.**

It is also urged that defendant should not be required in any event to pay the installments sued for, since by the terms of his subscription they were to be reimbursed to him in a certain contingency which has since happened, to-wit, that the exposition should not take place.

We think that the subscription herein sued on contemplated, at the time it was given, that no more than 10% thereof (already paid in by defendant) should be used for preliminary expenses of the corporation, and that whatever else might be paid in was to be returned to the subscriber should the exposition not take place. And were this all, the defendant might perhaps be entitled to compensate against his subscription, the obligation of the corporation to refund.

But the evidence herein shows that the plaintiff corporation was openly, and with the apparent consent and approval of all its shareholders, expending large sums in furtherance of the corporate purpose, and that defendant herein was fully aware of the fact, but for reasons satisfactory to himself he refrained from making any objections to the "extravagant" expenditures so extravagant that he well knew the corporation "would be in liquidation before it started."

Under the circumstances, defendant must be taken to have yielded his consent to such expenditures and thereby relieved the corporation of its obligation not to expend in excess of 10% of its subscription, but to return such excess to the subscribers; especially when it is a question of paying the debts so contracted and equalizing matters between himself and other shareholders similarly situated.

Accordingly we think that the judgment herein should be one of **non suit** and not an absolute rejection of the demand.

It is therefore ordered that the judgment appealed from be amended and made one of non suit, and as so amended it is affirmed; defendant to pay costs of appeal and plaintiff those of the Court a qua.

Amended and affirmed.

Opinion and decree, November 10th, 1913.